UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-388-KSF

STONESTREET FARM, LLC                                                   PLAINTIFF

v.                                    **OPINION & ORDER**

BUCKRAM OAK HOLDINGS, N.V., *et al*                            DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the defendant, Buckram Oak Holdings, N.V. ("Buckram Oak"), for a more definite statement [DE # 32], and the motion of the plaintiff, Stonestreet Farm, LLC ("Stonestreet") for leave to file an amended complaint [DE #59]. These motions are ripe for review.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Stonestreet has filed this civil action against Buckram Oak and other defendants alleging, *inter alia*, fraud with respect to the purchase of a thoroughbred horse farm in Fayette County, Kentucky. The jurisdiction of this court is based on 28 U.S.C. § 1332 - diversity jurisdiction. According to the Complaint and proposed First Amended Complaint, Stonestreet is a Kentucky citizen and the defendants are citizens of California, New York, France and the Netherlands Antilles. The specific allegations are set forth in detail in the Court's Opinion and Order entered on this date denying defendant Frederic Sauque's motion to strike the Complaint and motion to dismiss and will not be repeated herein.

In response to Stonestreet's complaint, Buckram Oak has filed a motion for more definite

statement. Stonestreet has responded by filing its motion for leave to file an amended complaint. These motions are addressed below.

II. **BUCKRAM OAK HOLDINGS, N.V.'S MOTION FOR MORE DEFINITE STATEMENT AND STONESTREET'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Buckram Oak moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure on the grounds that (1) Stonestreet's Complaint fails to sufficiently allege the citizenship of each party, and (2) the allegations of agency are so conflicting and vague as to defy any meaningful response. Rule 12(e) provides as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading....

Fed.R.Civ.P. 12(e). Rule 12(e), however, must be read in harmony with the notice pleading requirement contained in Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) does not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A review of Stonestreet's complaint reveals that its allegations of agency are not vague or ambiguous. Rather, Stonestreet has set forth detailed allegations related to the alleged conspiracy and fraud which are more than sufficient for Buckram Oak to form a responsive pleading. Accordingly, to the extent that Buckram Oak seeks a more definite statement with regard to Stonestreet's allegations of agency, its motion will be denied.

Turning next to Stonestreet's allegations related to citizenship, the Court notes that Stonestreet has filed a motion for leave to file an amended complaint to address, in part, Buckram Oak's argument. [DE #59] According to the proposed First Amended Complaint, Stonestreet is a

limited liability company created and doing business in Kentucky and existing by virtue of Kentucky law.  Stonestreet is a single member LLC that is wholly owned by Jess Jackson, who maintains homes in a number of jurisdictions, including Fayette County, Kentucky.

For purposes of establishing diversity jurisdiction, the citizenship of Stonestreet is determined by the citizenship of its members - in this case, Jess Jackson.  *See Carden v. Arkoma Associates*, 494 U.S. 185 (1990)(all associations other than corporations have the citizenship of each partner or member); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998).  According to the proposed First Amended Complaint, Jackson owns and maintains residences in numerous places, including California and Kentucky; however, because Jackson has expressed an intent to reside in Kentucky in the future, he is a Kentucky citizen.  As a result, Stonestreet argues that it should be considered a Kentucky citizen for purposes of diversity jurisdiction analysis.

Rule 15(a) of the Federal Rules of Civil Procedures governs motions for leave to amend, and provides that "leave shall be freely given when justice so requires."  Buckram Oak argues that Stonestreet's proposed First Amended Complaint fails to demonstrate federal jurisdiction and thus granting leave to amend would be futile.

The jurisdiction of this court is established by a complaint which alleges diversity of citizenship and the amount in controversy.  *Pennsylvania v. Williams*, 294 U.S. 176 (1935); 28 U.S.C. § 1332.  Diversity of citizenship means that the matter in controversy is between citizens of different states.  28 U.S.C. § 1332(a)(1).  The averment of citizenship is essential to the jurisdiction of the court and must show that diversity of jurisdiction existed at the time the suit was commenced. *Napeltana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967).  Lack of subject matter jurisdiction is a ground for dismissal and may be raised at any time by the parties or by the court *sua sponte*.

In order to determine whether diversity of citizenship exists, this Court must first determine the citizenship of Jackson. Citizenship is determined by a person's domicile. *Brown v. Keene*, 33 U.S. 112 (1834). The terms "citizenship" and "domicile" are not synonymous with the term "residence." *See e.g. Steigleder v. McQuesten*, 198 U.S. 141 (1905); *Roberston v. Cease*, 97 U.S. 646 (1878); *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir., 1968). For example, it is possible for a person to be a resident in one state and domiciled in another. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30 (1980). A person can have only one domicile at a time, even though he may have several residences. *Williamson v. Osenton*, 232 U.S. 619 (1914). Once established, a domicile is presumed to continue until a new domicile is established. *Mitchell v. United States*, 88 U.S. 350, 353 (1874).

In determining an individual's domicile, courts consider several factors: including current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; places of employment or business; driver's license and automobile registration; payment of taxes; and the location of one's spouse and family. *See* Wright, Miller & Cooper, Fed. Practice & Procedure, § 3612; *McCann v. Newman Irrevocable Trust*, 458 F.3d 281,286 (3rd Cir. 2006); *Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005); *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *Garcia Perez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996); *Lew v. Moss*, 797 F.2d 747, 752 (9th Cir. 1986). The burden of proving diversity jurisdiction is on the plaintiff, and the court may resolve factual disputes. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

While Stonestreet has alleged that Jackson was a citizen of Kentucky at the time of the filing

of this action, Stonestreet has not come forward with any evidence to support this bare allegation. Instead, Stonestreet's proposed First Amended Complaint simply alleges that Stonestreet's operations are entirely in Kentucky and that Jackson has expressed an intent to reside in Kentucky *in the future*. These allegations alone are insufficient to establish Jackson as a citizen of Kentucky at the time this action was commenced. Until the citizenship of Jackson, and thereby Stonestreet, is established, the Court cannot determine whether or not diversity jurisdiction has been properly invoked. Accordingly, within ten days of the entry of this Order, Stonestreet must furnish to the Court evidence of Jackson's citizenship at the time of the filing of this action, including answers under oath to the factors set out above and a proposed Amended Complaint which adequately sets out the citizenship of all the parties, or this action will be dismissed for lack of subject matter jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the Court, being fully and sufficiently advised, HEREBY ORDERS as follows:

(1) Buckram Oak's motion for a more definite statement [DE # 32] is DENIED IN PART as to the allegations related to agency and GRANTED IN PART as to the allegations related to diversity of citizenship;

(2) Stonestreet's motion for leave to file an amended complaint [DE # 59] is DENIED WITHOUT PREJUDICE as to the proposed First Amended Complaint;

(3) WITHIN TEN DAYS OF ENTRY OF THIS ORDER, Stonestreet must furnish the Court with evidence of Jackson's citizenship at the time this action was commenced, including responses under oath to the following factors related to Jackson's domicile/citizenship as they existed on November 22, 2006 - the date of commencement of this action:

    (a)    the location and nature of Jackson's residences;
    (b)    Jackson's voting registration and voting practices:
    (c)    the location of Jackson's brokerage and bank accounts;

    (d)    Jackson's membership in unions, fraternal organizations, churches, clubs and other associations;
    (e)    Jackson's places of employment or business;
    (f)    the state which issued Jackson's driver's license and wherein his automobiles are registered;
    (g)    Jackson's residence as listed on his income taxes;
    (h)    the location of Jackson's spouse and family; and
    (i)    any other evidence relevant to Stonestreet's citizenship; and

(4)    WITHIN TEN DAYS OF ENTRY OF THIS ORDER, Stonestreet shall FILE a renewed motion for leave to file an amended complaint and TENDER an amended complaint with adequate allegations of diversity jurisdiction.

This the 16th day of April, 2007.

Signed By:

*Karl S. Forester*  KSF

**United States Senior Judge**